UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JUAN QUELIS, | *<br>* |
| Petitioner, | *<br>* |
| v. | *    C.A. No. 13-12236-IT |
| | * |
| BUREAU OF PRISONS, et al., | *<br>* |
| Respondents. | *<br>*<br>* |

MEMORANDUM AND ORDER

October 30, 2014

TALWANI, D.J.

    Before the Court is a pleading filed by Juan Quelis ("Quelis), who was incarcerated at D. Ray James Correctional Institution in Folkston, Georgia at the time he commenced this action. He seeks a declaration that he is a national of the United States, claiming that he has been denied certain privileges while incarcerated because he may be subject to removal proceedings. For the reasons stated below, the Court denies his request for relief.

**I.     Background**

    In 2010, Quelis pled guilty in this Court to drug trafficking charges and was later sentenced to 51 months of imprisonment and 60 months of supervised release. See United States v. Quelis, Crim. No. 08-10043-PBS (docket entry #55).[1] The conditions of supervised release specify that upon deportation, Quelis cannot return to the United States without the permission of the United States Attorney General. See id. Quelis did not appeal his sentence or conviction.

    On September 9, 2013, Quelis filed an untitled pleading in this Court, indicating that he was incarcerated at the D. Ray James Correctional Institution. He names as respondents the Bureau of Prisons ("BOP"), the warden of the D. Ray James Correctional Institution, and records

---

[1] The Court takes judicial notice of Quelis's criminal proceedings and other judicial proceedings to which he has been a party. See Rodi v. Southern New England Sch. of Law, 389 F.3d 5, 19 (1st Cir. 2004) (courts may take judicial notice of proceedings in other relevant cases).

officials at the prison.  Quelis states that he seeks a declaration under 8 U.S.C. § 1503(a) that he is a national of the United States.  He claims that he is being denied participation in certain BOP programs because the federal government has lodged an immigration detainer against him.  Quelis asks that the Court require the BOP and prison officials to remove the immigration detainer or declare it invalid.  He does not seek damages.

The pleading has not been served on the respondents, pending the Court's review of the document pursuant to 28 U.S.C. § 1915A and/or 28 U.S.C. § 2243.

**II.    Discussion**

Whether the pleading is construed an action under 8 U.S.C. § 1503(a) or a petition for a writ of habeas corpus, the Court is without jurisdiction to provide Quelis the requested relief.

**A.    8 U.S.C. § 1503(a)**

Section 1503(a) of Title 8 of the United States Code permits an individual within the United States who "claims a right or privilege as a national of the United States" but "is denied such right or privilege by any department or independent agency, or official thereof" to bring a petition for a writ of mandamus "for a judgment declaring him to be a national of the United States."[2]  Such action can only be instituted "after the final administrative denial of such right or privilege."  Id..  The administrative exhaustion requirement is jurisdictional.  See Johnson v. Whitehead, 647 F.3d 120, 125 (4th Cir. 2011); United States v. Breyer, 41 F.3d 884, 891-92 (3d Cir. 1994).

Another federal district court has already determined that Quelis did not exhaust his administrative remedies for purposes of 8 U.S.C. § 1503(a) at the time of that order.  Quelis filed a pleading similar to the instant one in his jurisdiction of confinement, the Federal District Court for the Southern District of Georgia.  See Quelis v. Immigration and Customs Enforcement, C.A.

---

[2]The statute does not provide relief where the issue of a person's status as a national of the United States "arose by reason of, or in connection with any removal proceeding under the provisions of this chapter or any other act, or (2) is in issue in any such removal proceeding."  8 U.S.C. § 1503(a).  The Court finds it unnecessary to address this exclusion.

2

No. 13-00106 (S.D. Ga.). The petition was denied on March 6, 2014, because, inter alia, Quelis had not exhausted his administrative remedies for purposes of 8 U.S.C. § 1503(a) by first pursing citizenship through the Department of Homeland Security. See id. (docket entries #12, #14). This finding of the district judge in Southern District of Georgia precludes relitigation of this issue. See Muniz Cortes v. Intermedics, Inc., 229 F.3d 12, 14 (1st Cir. 2000) (doctrine of claim preclusion applies to jurisdictional questions). Nothing in Quelis's pleading suggests that he has since taken any further steps to exhaust his administrative remedies.

### B. Habeas Relief

To the extent that Quelis seeks habeas relief, the Court lacks jurisdiction to entertain this action. When a petitioner challenges present physical custody, relief under 28 U.S.C. § 2241 must be sought within the district of confinement. See 28 U.S.C. § 2241(a); Rumsfeld v. Padilla, 542 U.S. 426, 442 (2004) ("District courts are limited to granting habeas relief 'within their respective jurisdictions.'" (quoting 28 U.S.C. § 2241(a)); see also id. at 447 ("Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement."). Thus, to the extent that Quelis sought under 28 U.S.C. § 2241, he filed his petition in the wrong jurisdiction.

### C. Mootness

To the extent that Quelis seeks greater access to prison programs, the request for relief is moot. "Article III of the Constitution restricts federal courts to the resolution of actual cases and controversies." Libertarian Party of New Hampshire v. Gardner, 638 F.3d 6, 12 (1st Cir. 2011) (quoting Chico Serv. Station, Inc. v. Sol P.R. Ltd., 633 F.3d 20, 35 (1st Cir. 2011)). Because "[f]ederal courts lack jurisdiction to decide moot cases," County of Los Angeles v. Davis, 440 U.S. 625, 631 (1979), when "the issues presented are no longer live," "a case or controversy ceases to exist, and dismissal of the action is compulsory." Id. (quoting Cruz v. Farquharson, 252 F.3d 530, 533 (1st Cir. 2001)).

3

Quelis was apparently released from the custody of the Federal Bureau of Prisons in March 2014. The respondents in Quelis's action in the Southern District of Georgia represented that his projected release date was March 26, 2014. See Quelis v. Immigration and Customs Enforcement, C.A. No. 13-00106 (S.D. Ga.) (docket entry #11, at 2). The "Find an Inmate" feature of the web page of the BOP indicates that Quelis was released from the custody of the BOP on that date.[3] The release of Quelis from BOP custody mooted any request for relief in regards to his participation in BOP programs or other prison conditions and the Court is therefore without jurisdiction to entertain that issue.

## III. Conclusion

Accordingly, the petition for relief is <u>DENIED WITHOUT PREJUDICE</u>. No filing fee shall be assessed.

IT IS SO ORDERED.

  10/30/2014                                       /s/ Indira Talwani
DATE                                             UNITED STATES DISTRICT JUDGE

---

[3] See http://www.bop.gov/inmateloc (last visited October 29, 2014, using the federal prisoner number provided by Quelis).